MAY 1 1 2026

UNITED STATES DISTRICT COURT
DISTRICT FOR ESTERN DISTRICT OF WISCONSIN
CIVIL No. _____

| | |
|---|---|
| **OMORODION, OSAHENI KENNY** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **TODD BLANCHE**, Attorney General (Acting) | ) |
| Of the United States | ) |
| | ) |
| **MARKWAYNE MULLIN**, Secretary, | ) |
| Department of Homeland Security | ) |
| | ) PETITION FOR WRIT OF MANDAMUS |
| **JOSEPH B EDLOW**, Director USCIS | ) |
| | ) under 28 U.S.C. § 1361 |
| **KAY LEOPOLD** Director, USCIS Field Office | ) |
| Milwaukee WI | ) |
| | ) |
| **BRAD SCHIMEL**, US Attorney | ) |
| for Eastern District of Wisconsin | ) |
| | ) |
| | ) |
| **Defendants**. | ) |
| | ) |

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 MAY 11 A 11: 23

CLERK OF COURT

26-C 827

Plaintiff pro se, alleges as follows:

## INTRODUCTION

1)      I, Omorodion Kenny Osaheni(plaintiff) am an alien who is statutorily eligible to adjust status to that of permanent resident based upon approved VAWA self-petition(i-360). My Application for Adjustment, Form I-485, has been unlawfully delayed by Defendants. As a consequence, this Court has jurisdiction to order Defendants to adjudicate my application, pursuant to 28 U.S.C. § 1361.

## JURISDICTION AND VENUE

2) This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. §1361 (mandamus action to compel an officer or employee of the U.S. or agency thereof to perform a duty owed Plaintiff), 28 U.S.C. § 2201 (a) (declaratory judgment), and 5 U.S.C. § 701 et seq. (Administrative Procedures Act).

3) Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because I reside within the district of this Court and no real property is involved.

## PARTIES

4) Plaintiff is national of Nigeria whose VAWA self-petition was approved by the USCIS and has applied for lawful permanent resident status on that basis **(See EXH 1)**

His claim to become a lawful permanent resident arises under 8 U.S.C. § 1255 (a).

Defendants are; the U.S. Attorney General, the Secretary of the U.S. Department of Homeland Security, the Director of the USCIS Field Office Milwaukee, US. Attorney for Eastern District of Wisconsin and the Director of the United States Citizenship and Immigration Services.

Defendants are all officers or employees of the United States or an agency thereof, responsible for the adjudication of plaintiff, Applications to Adjust Status, Form I-485, under the Immigration and Nationality Act and implementing regulations. See, e.g., 8 U.S.C. § 1255, 8 C.F.R. § 103.1.

## FACTS

5) Plaintiff came to the U.S. from Nigeria on July 19th, 2017, on a B1/B2 visa.

6) Plaintiff got married to a US citizen on December 4th, 2017, and filed for adjustment of

status to a permanent residence thereafter. The adjustment of status application was denied by USCIS and both parties subsequently divorced.

7) On October 20, 2020, plaintiff filed a VAWA self-petition with the USCIS alleging physical and emotional violence on him during the marriage.

8) Plaintiff's VAWA application was approved on January 2nd, 2024, receipt # EAC2102650067 **(see EXH 2)** and reapproved on 04/02/2025

9) Plaintiff has diligently sought updates on the status of his case by contacting USCIS multiple times, including:

10) On September 18, 2024, plaintiff received an update on his online account that Request for Evidence (RFE) was sent for his I-485 adjustment of status application. Plaintiff did not receive the said notice and on January 15, 2025, following many calls and mails to the agency plaintiff did not get a response from the agency for over one year. **(see EXH 3)**

11) On January 15, 2025, plaintiff received a notification on his online account, that his RFE was returned to USCIS for non-delivery.

12) January 15, 2025. plaintiff contacted the USCIS service center on the phone, and was told they would send him a copy of the RFE through his email but never got anything back from USCIS

13) On April 1, 2025, plaintiff received another letter saying that his I-360 has been approved even though it was already approved on January 2, 2024.

14) On April 2, 2025. Plaintiff contacted the USCIS contact center on the phone; to let them know he is still waiting to receive a copy of the RFE, during this phone call, a tier

2 officer informed plaintiff that he will send the RFE to plaintiff through email, the next morning, plaintiff received an email from USCIS, stating that plaintiff RFE copy cannot be sent via email, because of the confidentiality issues associated with VAWA cases. Plaintiff then called USCIS again, and this time he was scheduled for an info pass appointment to review his case with an officer at the USCIS Denver Field Office where his case was currently been processed at that time. **(see EXH 4).**

15) On the 29th of April 2025, plaintiff went to the info pass appointment in Denver Colorado, At the Info Pass appointment, plaintiff, was greeted and called into the office by a lady, she started to interview plaintiff regarding his case and she stated that the delivery address was the reason USPS could not deliver the RFE to plaintiff. During this interview, she called a-second officer who was directly in charge of plaintiff case. The second officer, asked plaintiff to give his most current address and plaintiff, gave him the following documents; a copy of plaintiff lease, sealed envelope of plaintiff updated medical exams, and they got copies of plaintiff identity card. In fact, the officers stated to plaintiff, that, we would update your address on file and that everything looks good and approvable. Shortly after the appointment, plaintiff, moved from Colorado to Madison, Wisconsin based on his new job employment with the Wisconsin Department of Corrections, and plaintiff did a change of address at once.

16) After plaintiff, info-pass appointment/interview in Denver, Colorado, plaintiff waited for 4 months, and plaintiff still did not receive any case update, as the USCIS officers promised. Plaintiff son "Osagie Omorodion" became severely ill, and plaintiff was told by his doctors that he needed to be present for his son treatment. Due to this

delay from USCIS and the bad condition of plaintiff son's health, Once more, On the advice of plaintiff's lawyer, plaintiff completed a new medical exam and forwarded it in a sealed envelope to USCIS, Vermont Service Center (VAWA Humanitarian Department), Plaintiff mailed a copy of the completed medical exam to USCIS, Denver Field Office and also mailed a copy of his completed medical exams to USCIS, National Benefits Center in Missouri. After all these contacts and over 13 phone calls to the USCIS there was still no response.

17) Plaintiff also sought assistance from external sources, including Contacting the USCIS Ombudsman on (08/08/2025), (request number 20250171586). Ombudsman refused to intervene in the matter **(EXH 5).**

18) Plaintiff sought assistance from ICE, U.S. Immigration and Customs Enforcement on (07/09/2025), with no result (request number ICE FOIA 2025-ICFO-47978). **(EXH 6)**

19) Plaintiff contacted the congressman Mark Pocan of Wisconsin 2nd congressional district in charge of his jurisdiction on 8/11/2025. **(EXH 7)** Plaintiff explained all that had transpired and the congressman office assisted in obtaining a copy of the RFE letter from USCIS.

20) Plaintiff confirmed that all that was requested from the RFE was proof of Updated medical records. Plaintiff at once went to the hospital to update the vaccination record (with covid 19 vaccine) and sent it as overnight delivery together with an affidavit to explain that he received the RFE late but was hereby sending his response to the RFE, which was his updated medical records.

21) On September 16th, 2025, USCIS acknowledged the receipt of the plaintiff's medical record and updated his I-485 Adjustment of Status case to (Response to USCIS' Request for Evidence Was Received). It has been over **231 days** since USCIS acknowledged receipt of response to the RFE and they promised to adjudicate the case between 65 to 84 days from the day the RFE was received.

22) With no action taken on the case, on 12/09/2025, plaintiff contacted the congressman office once-more and they told him that USCIS is still processing his case. On 04/02/2026, plaintiff received another letter from his son's doctor in Nigeria that his son's medical condition had gotten worse and that they require him to be there with him. Plaintiff was scheduled for another Info Pass appointment on 04/13/2026, to obtain an Emergency Travel Authorization to travel, at the USCIS, Dallas Field Office. Plaintiff was told it could not be approved at that time.

23) As of 12/01/2025, plaintiff started working with the Nebraska Department of Correction Services (NDCS), Work Ethic Camp Detention Facility (WECDF), which is an Immigration and Custom Enforcement (ICE) detention center. Due to his recent job, plaintiff did change his physical address to his new residence in Nebraska.

24) Plaintiff acknowledges that on 01/21/2026 USCIS placed a Hold on all pending immigration benefit requests (including green card applications)for individuals who are citizens of or were born in 19 countries listed in Presidential Proclamation 10949 On January 1, 2026, USCIS extended the hold to include additional high-risk countries under Presidential Proclamation 10998(including Nigeria). However, the holds have been removed by federal judges in both, Massachusetts and the District court of Maryland.

25) Plaintiff, Omorodion, Kenny Osaheni, is a law-abiding resident of the United States has never and does not plan to use any public benefits. Due to the inordinate delay plaintiff's case has gone through plaintiff has suffered financial because he has limited access to gainful employment. Career opportunities are withheld from plaintiff because of the lack of permanent residence status in the USA **(EXH 11)** Plaintiff will appreciate if his I-485 Adjustment of Status is adjudicated as soon as possible.

## CLAIMS FOR RELIEF

26) Defendants' failure to make a determination on plaintiff's application for adjustment of status within five (5) years and (7) seven months notwithstanding his clear right to relief and Defendants' clear duty to adjudicate the application, entitles plaintiff to petition this Court for a Writ of Mandamus pursuant to 28 U.S.C. § 1361.

27) Plaintiff seeks an order compelling Defendants to immediately adjudicate his application for adjustment of status.

### WHEREFORE, Plaintiff requests that the Court:

28) Grant this petition and order Defendants to adjudicate plaintiff's application for

for adjustment of status (I485) as soon as possible.

29) Grant such other and further relief as may be appropriate.

Dated: 5/11/2026